Good morning, your honors. May it please the court, my name is Ben Weisinger on behalf of the petitioner. I'll reserve two minutes of my time for rebuttal. To deny Mr. Obeid an immigrant visa, Section 1182A2 Iii of Title VIII requires more than mere guilt by association. And yet that is all this record demonstrates. If that is all that is required to obtain an immigrant visa, then no immigrant ever accused of any crime would ever be able to meet his burden of proof of admissibility. And yet that is not the case, and we know that's not the case. We can point to two recent cases of this court that says it's not the case. Cepollino v. Gonzalez, 454 Fed 3rd, 1057, met her burden of proof of admissibility even after being charged with and found guilty of a crime of prostitution. Ms. Altamirano, 427 Fed 3rd, 586, met her burden of proof of admissibility even after being charged with alien smuggling, very similar statute to the one we're dealing with here. The fact is the government produced no evidence that Mr. Obeid knowingly aided, abetted or facilitated a money laundering offense. And the fact is that the government did not demonstrate that it knew that this fact was true or not. There is no conviction. Mr. Obeid's name is not on some State Department watch list as a money launderer. But can I stop you? It seems that this is somewhat of an odd case when we talk about burden of proof because your client has the – it's a lot of double negatives of the burden to show that he's not inadmissible, correct? Correct. And that burden is clearly and beyond a reasonable doubt. That's his burden. Correct. But then when we come here on appeal, we're reviewing BIA's determination as to whether there's substantial evidence of knowing and whether he showed clearly and beyond a reasonable doubt that there was no knowing. So there's this multiple layers. And so if you could address the case in the context of the burden of proof, it would help me to unpack the issues. Your Honor, if there were a conviction here, for example, as there was in Marmolejo Campos, the burden is initially placed on the government to demonstrate the existence of a conviction that would render an alien inadmissible. Now, that – there's no real gray area there. That's the law, according to Marmolejo Campos. Then the burden shifts to the Petitioner or the alien to show that for whatever reason, that conviction did not render him inadmissible. And then the burden shifts – would then shift back to the government to show otherwise. So there – it's a shifting burden, and yes, that's true. But the statute in this case, the statute is very unique. The statute reads, an alien who the Attorney General knows has knowingly involved himself in some sort of money laundering scheme. There's no – there's no – it's unreasonable to conclude that the Attorney General knows something that's never been proven in a court of law. And it's unreasonable to conclude that the Petitioner knowingly acted in furtherance of some money laundering scheme when the evidence, his statements, the testimony of the investigating police officer, there's nothing in the record that proves that it's directed at the Attorney General. Only the Attorney General can meet this burden. This statute applies. Well, you have to filter it through the appellate review, which is, is there substantial evidence to support the BIA's determination that the Attorney General knew? So where I'm getting slightly stopped here is on the substantial evidence, because the BIA lays out all these circumstances that it says, you know, supports knowing that he wasn't a dupe in this whole scheme, and then it points to a number of facts. So if you would address the substantial evidence standard, which we're required to do on appeal. And that's fairly easy to do, Your Honor. Substantial evidence would support a finding that, for example, Mr. Obeid transported infant formula in Lufkin, Texas, AR 731. Substantial evidence also supports the conclusion that on October 12, 2002, Mr. Obeid and Mr. Homsey obtained infant formula from a Walmart in Scottsdale, Arizona. But I appreciate your answering Judge McKeown's question. It's obviously a critical part of what we need to consider. My problem, frankly, goes one step back, which is what are we proving here? What — according to the BIA's opinion, it found that Mr. Obeid was inadmissible under subsection 1182A2AII. And there we're talking about knows or has reason to believe. Is that substantially equivalent to a probable cause standard? It's hard to say, in my opinion, Your Honor. If it is, then we can point to this Court's line of cases dealing with the reason to believe. Lopez Molina, for example. And in many of those cases, what happened was we had a truck driver coming across the port of entry in Nogales. He gets stopped, inspected. Wow, there's 300 pounds of marijuana in his truck. And he says, I didn't know it was there. Well, let's assume for — just for a moment. I confess. I — it's not clear to me exactly what the standard is. And obviously, we can't — I can't make up my mind unless I know what the substantial evidence has to prove. So let's assume for a moment that the standard is unclear. Should we send this back to the BIA to clarify what it understands that code section to mean? Or should we independently decide on some basis what we think it means? What's the appropriate remedy here? The — this Court's precedent in Altamirano provides a very decent example of what is required to demonstrate that somebody knowingly committed an illegal act of some kind. And in Altamirano, this Court required some affirmative act in furtherance of and knowing furtherance of this conspiracy. Okay. But you're not answering my question. My question is, should we decide that question? I think so. Or should we send it back to the BIA for it to determine in the first instance what that code section means? I think this Court should decide that in the first case because there is a workable standard. The BIA simply ignored it. The BIA simply ignored the fact that there is a standard for when somebody can be deemed to be knowingly involving themselves in some illegal act or illegal enterprise. And your position is that, by the way, the statute is structured as knowing, not knowing or reason to know, correct? Correct. Okay. I see I've got my two minutes left. I'm going to save my time. Thank you, Your Honor. Thank you. Good morning, and may it please the Court. My name is Jesse Buesen, and I represent the Attorney General. I'm wondering if we could go directly to what the agencies knew. And as I look at your brief, page 23 sets that out. And I wonder if you would turn to page 23 and tell me what you think really shows knowledge there. You state a number of things, but I found it very hard to see what they knew from what you put down there at 23. Well, Your Honor, the Attorney General and thus, in this case, what the immigration judge knew for purpose of the case. Would you go to page 23 and go through it, please? Yes, Your Honor. What the immigration judge knew here. Are you at 23? I am at page 23, Your Honor. All right. What's the first thing they knew? The immigration judge knew that Obeid, he worked for Sami Jamal from November 2000.  So what does that show? He worked for him. Nothing, right? It does establish that he worked for him. Yeah. That's what that fact establishes. Okay. So what's the first thing that goes to this case? Well, there's the fact that Obeid in this case not only worked for Sami Jamal, he was Sami Jamal's cousin. He admitted to knowing Sami Jamal. Okay. That doesn't prove him guilty, does it? Your Honor, this, these So we've got two facts. He worked for Sami, he's Sami's cousin. What else? The independent facts here. Each independent fact doesn't definitively prove that he was Yeah, but when we get to some incriminating fact. There's the fact that he was a very close associate. He was immediately involved with the day-to-day running of this organization. Oh, we've got three on their face, innocent facts. If it's an innocent connection, you've got one, two, three. He's working innocently for an innocent cousin he knows nothing about. Where is the incrimination? This is sufficient circumstantial evidence to establish that he knew. Well, what is it? Well, the fact that he was driving hundreds of miles out of his way to buy formula. He was working very closely with 26 other people who were indicted on these money laundering charges. He was a core member of this company. Well, why wasn't he convicted? Why wasn't he indicted? Well, he was Why wasn't he convicted if he was so? In this case, he pled, there was a guilty. He pled guilty to misapprehension of a felony. And based on that plea deal, the government withdrew the indictment. Well, if he was one of the core conspirators, you wouldn't think that would happen. Well, I mean, you've done exactly what your brief does. You recite a series of innocent facts and say, well, that shows he's guilty. Well, it's sufficient evidence for the immigration judge to draw the conclusion. Well, the main fact you have is that he knows that he's, they're jiggling the formula price. Yes. Correct? Yes. Because he knows they've never sold it at a certain price. And so it seems that's the most incriminating fact. But then the question I have is, where does the money laundering come in? I mean, he could be guilty of knowing that they're doing some kind of scam. But would that necessarily mean that he knows that money laundering is going on? Because all kind of people are doing scams all the time that don't involve money laundering. Well, in this case, they're not only using the scam to buy the formula, but they're then selling it, or I should say they're selling it through this WIC program and receiving vouchers from the State in return for those. But where's, I guess, where's the money laundering? That's where I'm, you know, like, where's the beef? That's not a good thing to do. It's illegal. It's like if I go out and scalp tickets, that might be illegal. But am I a money launderer? Well, I believe the money laundering here is in the fact that they are creating  then repackaging the formula and selling it for an inflated price in order to receive these vouchers from the State that they can then. In order for me to address the evidence and whether or not this is sufficient, I need to, again, as I did with your colleague there, need to know what the standard is. If this is, if the standard is one of probable cause, and you're talking about aiding and abetting, it's essentially a conspiracy allegation, which is a heck of a lot easier to prove on the very skimpy evidence that you have here. Because all we're really talking about is whether there's probable cause. But is that the standard? And if so, what do you cite from our case law or anything that the BIA has produced that construes the code section that it said it relied upon in making its determination? Well, Your Honor, I believe there are a couple of cases addressing the reason to believe standard, holding that that requires. Okay. What are those and what does reason to believe mean? Is it a probable cause standard? Well, reason to believe is not. Okay. It requires, let me see if I have the cases here. One of them. And this is reason for the Attorney General to believe, right, i.e., and his delegates. And I would note before I get too far into this that I'm citing this to the standard here is whether the Attorney General knows. I'm citing reason to believe as a basis for getting to what it means to know. So you agree that the standard is know, not know or reason to know? Yes, Your Honor. Okay. So know is our benchmark. Well, yes, is the benchmark. Right. Okay. So far as the government is concerned, when the three of us make a determination here and we apply the evidence that you have, such as it is, it is against the standard of no. Yes, Your Honor. Okay. That is our position. And that's subsection little i. That is subsection two little i. Two i. Two i. There were two bases that the immigration judge found them inadmissible on. There was specifically no determination with respect to one little i, right? And that's where the reason to know comes in. Right. So the double i is flat-out no. The double i is flat-out no. Okay. Thank you. Okay. Here we go. The reason to believe, I'm looking at the Court's decision in Garces v. Attorney General. That's 611 F. 3rd, 1337. And on page 1349 and 1350, with respect to the reason to believe standard, the Court states that there must be reasonable, substantial, and probative evidence that he was a knowing and conscious participant. And that had to do with a transaction. Well, that gets then back to Judge Noonan's question. And this is really skimpy evidence. Again, if you're talking about a conspiracy-type situation, that may be one thing. But there's no proof in here that he knew. And if he didn't know, then how can the Attorney General know? Well, this gets back to the question about burden of proof in this case. The burden was on the Petitioner of the Court, the immigration judge, to establish that he was not inadmissible. It was his burden to show that the immigration judge did not know that he was a knowing aider and a better in a money laundering scheme. And in this case, it is still before the Court, it is still his burden to show that the evidence compels the conclusion. That's kind of a catch-22. I mean, the reality is, if you've got a very weak case, and the Attorney General just taking him out of it, not the Attorney General, but the Petitioner taking him out of it, if the Attorney General couldn't know because there's no evidence showing that he knew, then how can the Petitioner bear a burden to show that the Attorney General didn't know? Isn't that just kind of a little circle going round and round and round? He would at least have to establish some degree of uncertainty in this case, I would imagine. Well, I looked, I tried to figure out what knowing means. And in a couple of the criminal cases I looked at, not necessarily in this circuit, but just looking across the board at criminal cases, it seemed that knowingly means or used with intentionality. In other cases, knowing means actual notice. But I didn't find any cases that suggest knowing is that some netherworld between reason to know and knowing. Do you have any cases to point us to that you want us to look at as to the definition of knowing? To be honest, Your Honor, I was having some difficulty finding cases. The criminal cases cited by the Petitioner's brief aren't entirely instructive because they have to do with determining motive or determining knowledge in a criminal context. Correct. And the only, to be honest, the only case I found that was really instructive as far as determining the difference between knowing and reason to believe was a Supreme Court case from 1879, Shaw v. Railroad Company, which is 101 U.S. 557, which indicated that it had to do with the negotiation of a bill of sale where the buyer knew or had reason to believe that the person he was buying the bill of sale from was not the lawful owner. The court indicated there was reason to believe that the Coonam brother had no right to negotiate the bill, and this falls very little, if any, short of knowledge. Well, the other place to look is I looked at the Ninth Circuit jury instruction in the civil context, because presumably this aspect of it is the attorney general's   responsibility, and there you have to act with an awareness that a particular circumstance exists, and then we get back to Judge Noonan's question of the awareness. I take it you would agree that when a statute uses no and other statutes use reason to know, there is a difference. Yes, Your Honor. In this case, I would point out, contrary to what Petitioner's counsel was indicating, this statute doesn't require a conviction. So in order for the attorney general to know or the immigration judge in this case to know, a conviction isn't required. There has to be something less than that that would be sufficient for knowledge in this case. So you're saying that his plea for misprison of felony is the basis on which the attorney general knows? No. The basis on which the attorney general knows in this case is not only the fact that he was initially indicted, which admittedly was withdrawn when he pled guilty, but the testimony both of the police officer in this case, the Petitioner's own testimony and the statements made in his plea agreement. There was sufficient evidence there for the immigration judge to infer, to know, to be aware of with reasonable certitude, to use the plain definition of no, that he was a knowing ator and a veteran of this money laundering scheme. Thank you. Thank you. Quote. It is not enough that the defendant merely associated with the person committing the crime or unknowingly or unintentionally did things that were helpful to that person or was present at the scene of the crime. That's Altamirano at 594 quoting the model jury code, model criminal jury instructions.  It is a workable standard. It's in this Court's precedent. It's a similar statute, similarly worded statute. I think this Court should apply it. Going back to Judge Smith's concern about the standard, this Court's standard of review is de novo because the V.I.A. is trying to apply a an evidentiary standard, and that's a purely legal question. The substantial evidence behind it might be subject to. Sotomayor, what's your best case that this is de novo? That this is de novo review? Yes. Excuse me, Your Honor. It is – well, Altamirano is one of them. In Altamirano, this Court held that this Court has the de novo review authority to determine whether this person is eligible for admission. So it's a question of eligibility, which has always been held to be a question of law. Review de novo. Now, going back to – the Petitioner agrees that reasonable, substantial, and probative evidence is the model for reason to believe. This statute that we're dealing with requires more than that, we would argue, because of the phraseology of knowingly, knowing, et cetera. But even under a reasonable, substantial, and probative evidence, is it not probative that Judge Martone dismissed all the charges against him, not only for the superseding indictment for money laundering, but also dismissed the mispresent of felony? My client stands before this Court having never been found guilty in a court of law of anything anywhere connected with the Jamal Trading Company. Sammy Jamal was sentenced to over 10 years in Federal prison for his involvement. The government got its pound of flesh from the right person, not from my client. I thought your client pled guilty to mispresent of felony. It was deferred judgment, Your Honor. I see. Completely dismissed. Okay. Thank you. Thank you. The case just argued. Obeid v. Holder is submitted. I want to thank both counsel for your arguments this morning.
judges: Noonan, McKeown, Smith